# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2010

Lyle W. Cayce
Clerk

No. 09-11054
Summary Calendar

In the Matter of:  MUT A. ASHERU,

DEBTOR

- - - - - - - - - - - - - - - - - - - - - -

G. VON THOMAS,

Appellant,

v.

CARL MATHENIA; PAUL A. SCOTT,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-977

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

G. Von Thomas, proceeding pro se, moves to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his appeal from the bankruptcy court's order granting a motion to dismiss Thomas's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanctions and contempt against Paul A. Scott and Carl Mathenia, in his capacity as a personal representative of a probate estate, and imposing sanctions of attorney's fees against Thomas in the amount of $2,450.

The bankruptcy court, in recommending the denial of the motion to proceed IFP on appeal, determined that Thomas's underlying motions were frivolous. In dismissing his motion for sanctions and contempt and imposing sanctions, the bankruptcy court noted that Thomas had no interest in property that was part of the bankruptcy estate and that he had abused the judicial process in order to interfere with state court eviction proceedings. The district court adopted the finding of the bankruptcy court that Thomas's appeal was not taken in good faith because his motion for sanctions and contempt filed in the bankruptcy proceeding was frivolous. The district court also agreed that the sanctions were warranted against Thomas because he had abused the judicial process. The bankruptcy court had the inherent power to impose the sanctions. *See* 11 U.S.C. § 105*; Chambers v. Nasco*, 501 U.S. 32, 48-50 (1991).

Thomas has not briefed his claim that the district court erred in referring the IFP motion to the bankruptcy court for the preparation of a report and recommendation and, thus, it is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Insofar as Thomas asserts that counsel Scott was not authorized to file pleadings, the record reflects that the bankruptcy court authorized him to represent Mathenia, in his capacity as a personal representative of the estate, for the limited purpose of presenting the motion to lift the automatic stay.

Thomas had no standing to complain about the lack of notice of the motion to lift the automatic stay because he did not demonstrate that he had an interest in any property involved in the bankruptcy proceeding and did not make an appearance in the proceeding prior to the stay being lifted. *See* N.D. TEX. L.B.R. 4001-1(a)(1).

2

Thomas's complaints about the bankruptcy court clerk's docketing pleadings several days after they were filed or ruled upon does not raise a nonfrivolous issue on appeal.

Because the bankruptcy court's denial of Thomas's motion for sanctions and contempt and the imposition of sanctions against Thomas do not raise issues of arguable merit, the district court did not err in determining that the appeal was not taken in good faith. The motion to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

IFP MOTION DENIED; APPEAL DISMISSED.